1  John P. Pringle, SBN 072300
   Toan B. Chung, SBN 276505
2  **ROQUEMORE, PRINGLE & MOORE, INC.**
3  6055 E. Washington Blvd., Suite 500
   Los Angeles, CA  90040-2466
4  Tel No. (323) 724-3117
   Fax No. (323) 724-5410
5  tbchung@rpmlaw.com

6  (Proposed) Attorneys for Wesley H. Avery,
7  Chapter 7 Trustee

8  *Fiducia in faciem incertum*

9
                    **UNITED STATES BANKRUPTCY COURT**
10
              **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
11

12
   In re                              Case No. 2:14-bk-20288-VZ
13
   CHERYLN JOANNE PATTERSON,
14                                     Chapter 7

15                                     **CHAPTER 7 TRUSTEE'S NOTICE OF
           Debtor.                     MOTION AND MOTION FOR ORDER
16                                     COMPELLING TURNOVER OF ESTATE
                                       PROPERTY AND DOCUMENTS;
17                                     MEMORANDUM OF POINTS AND
                                       AUTHORITIES; DECLARATIONS IN
                                       SUPPORT THEREOF**
18
                                       **[11 U.S.C. § 541(a) and 11 U.S.C. § 542(b)]**
19

20                                     Date:      May 19, 2015
                                       Time:      11:00 a.m.
21                                     Place:     U.S. Bankruptcy Court
                                                  Courtroom 1368
22                                                255 E. Temple Street
                                                  Los Angeles, CA 90012
23

24 **TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY**

25 **JUDGE, AND OTHER PARTIES IN INTEREST:**

26      **PLEASE TAKE NOTICE** that Wesley H. Avery ("Avery"), the duly appointed and

27 acting  chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Cherlyn

28 Joanne Patterson (the "Debtor") in Case No. 2:14-bk-20288-VZ (the "Bankruptcy Case"), will

move (the "Motion"), at the date, time and courtroom stated above, for an order compelling the turnover of:

> (1) the parcel of real property located at 6717 S. Halm Avenue, Los Angeles, CA 90045 (the "Real Property") along with the current mortgage statement(s) and proof of insurance; and
>
> (2) the 2006 Mercedes-Benz E 350 (the "Vehicle") along with pink slip.

The basis of the Motion is that the Real Property and the Vehicle are property of the Estate that the Trustee may sell under section 363 of the Bankruptcy Code and the Trustee is entitled to turnover of same under 11 U.S.C. § 542. The Motion is based on the attached Notice and the attached Declarations. The Motion is made pursuant to 11 U.S.C. § 541(a) and 11 U.S.C. § 542(b).

**PLEASE TAKE FURTHER NOTICE** that Loc. Bankr. Rule 9013-1(f) requires any response to the Motion to be in writing, filed with the Clerk of the United States Bankruptcy Court (the "Clerk's Office"), and served upon the Trustee's counsel, whose address appears in the upper left corner of the first page of this Notice of Motion, no later than fourteen (14) days prior to the above-scheduled hearing date. Pursuant to Loc. Bankr. R. 9013-1(h), failure to timely file and serve a responsive pleading may be deemed to constitute consent to the instant request herein. Copies of all pleadings in the Debtor's Bankruptcy Case may be obtained from the Clerk's Office.

DATED: April 8, 2015                      **ROQUEMORE, PRINGLE & MOORE, INC.**

By:_____
   John P. Pringle, Esq.
   Toan B. Chung, Esq.
   (Proposed) Attorneys for Wesley H. Avery,
   Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL BACKGROUND

1.      Cherlyn Joanne Patterson (the "Debtor") filed her Voluntary Petition under Chapter 11 of Title 11 in this case on May 27, 2014 (the "Petition Date").  The case was converted to Chapter 7 on October 28, 2014 (the "Conversion Date").  Wesley H. Avery is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

2.      Amongst the property of the Estate subject to administration for the benefit of creditors are (1) a parcel of real property located at 6717 S. Halm Avenue, Los Angeles, CA 90045 (the "Real Property") and (2) a 2006 Mercedes-Benz E 350 (the "Vehicle").  True and correct copies of the Debtor's Schedule A and Schedule B reflecting same are respectively attached hereto and incorporated herein as **Exhibit "1"** and **Exhibit "2"**.

3.      The Debtor listed a value of $900,000.00 on the Real Property and claimed a $175,000.00 exemption under C.C.P. § 704.950.  On the Vehicle, the Debtor listed a value of $10,000.00 and claimed a $2,725.00 exemption under C.C.P. § 704.010.  A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "3"**.  The Trustee has not concluded the 11 U.S.C. § 341(a) meeting of creditors and preserves his rights to object to the Debtor's claimed exemptions.

4.      According to the Debtor's Schedule D, the secured loans on the Real Property totals $528,253.56.  No secured loan is listed on the Vehicle.  A true and correct copy of the Debtor's Schedule D reflecting same is attached hereto and incorporated herein as **Exhibit "4"**.

5.      Based on the above, there are substantial equity in both the Real Property and the Vehicle as follows:

///

///

### Real Property

| | |
|---|---|
| FMV | $900,000.00 |
| Less Costs of Sale (8%) | $72,000.00 |
| Less Secured Loans (per Schedule D) | $528,253.56 |
| Less Exemption (per Schedule C) | $175,000.00 |
| **Net Equity to Estate** (est.) | **$124,746.44** |

### Vehicle

| | |
|---|---|
| FMV | $10,000.00 |
| Less Costs of Sale (20%) | $2,000.00 |
| Less Exemption (per Schedule C) | $2,725.00 |
| **Net Equity to Estate** (est.) | **$5,275.00** |

6.      As such, the Trustee is expected to net an estimated $130,021.44 for the benefit of the Estate and its creditors.

7.      The Debtor did not appear at her initial 11 U.S.C. § 341(a) meeting of creditors nor did she appear at any of the continued 11 U.S.C. § 341(a) meetings of creditors.

8.      On April 2, 2015, the Trustee's counsel made a demand for the turnover of the Real Property and the Vehicle.  A true and correct copy of the correspondence dated April 2, 2015 reflecting same is attached hereto and incorporated herein as **Exhibit "5"**.

9.      Neither the Debtor nor her counsel has provided any response as of the date of this Motion.  The Trustee is compelled to seek turnover of the Real Property and the Vehicle. Without turnover, the Trustee cannot administer the Real Property and the Vehicle for the benefit of the Estate and its creditors.

///

## II. DISCUSSION

**A.    THE REAL PROPERTY AND THE VEHICLE ARE PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. §541(a)(1).**

Under 11 U.S.C. §541(a)(1) the filing of a bankruptcy petition creates a bankruptcy estate which includes all legal and equitable interests of the Debtor.  The Section reads as follows:

> *"(a) The commencement of a case under section 301, 302, or 303*
>
> *of this title creates an estate.  Such estate is comprised of all the*
>
> *following property, wherever located and by whomever held:*
>
> *(1) Except as provided in subsection (b) and (c)(2) of this section,*
>
> *all legal or equitable interests of the debtor in property as of the*
>
> *commencement of the case."*

As of the Petition Date, the Debtor has a legal and equitable interest in the Real Property and the Vehicle.  Therefore, they are property of the Estate and should be administered by the Trustee for the benefit of creditors.

**B.    THE COURT SHOULD ISSUE ORDER COMPELLING THE DEBTOR TO TURNOVER THE REAL PROPERTY AND THE VEHICLE TO THE TRUSTEE PURSUANT TO 11 U.S.C. § 542(a).**

An entity in possession, custody or control of property of the Estate shall deliver to the Trustee, and account for, such property.  See 11 U.S.C. § 542(a).  Here, despite the Trustee's demand, the Debtor has not turnover the Real Property and the Vehicle.  Without turnover, the Trustee cannot administer the Real Property and the Vehicle.  Both assets are an assets that the Trustee may sell under section 363 of the Bankruptcy Code, and as detailed above, such sale would net an estimated $130,021.44 for the benefit of the Estate and its creditors.  Accordingly, the Debtor is required to turnover the Real Property and the Vehicle to the Trustee pursuant to section 542 of the Bankruptcy Code.

///

**C.    THE DEBTOR HAS A STATUTORY DUTY TO COOPERATE WITH THE TRUSTEE.**

Under the Code, the Debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee duties under this tittle." See 11 U.S.C. § 521(a)(3). Likewise, the Debtor shall "cooperate with the trustee in . . . the administration of the estate." See Federal Rule of Bankruptcy Procedure 4002(a)(4). Additionally, the Debtor shall "surrender to the trustee all property of the estate." See 11 U.S.C. § 521(a)(4). Therefore, the Debtor is required to cooperate with the Trustee and turnover the Real Property and the Vehicle.

### III.    CONCLUSION

**WHEREFORE**, the Chapter 7 Trustee prays for orders, as follows:

1.    That the Motion is granted;

2.    That the Debtor turnover the parcel of real property located at 6717 S. Halm Avenue, Los Angeles, CA 90045 (the "Real Property") along with the current mortgage statement(s) and proof of insurance to the Trustee within seven (7) calendar days from the date an Order is issued;

3.    That the Debtor turnover the 2006 Mercedes-Benz E 350 (the "Vehicle") along with pink slip to the Trustee within seven (7) calendar days from the date an Order is issued;

4.    That if the Debtor fails to turnover the Real Property and the Vehicle within seven (7) calendar days from entry of order, the U.S. Marshal shall be authorized and directed to place the Trustee in possession of the Real Property and the Vehicle by making a forced entry on the Real Property and the Vehicle;

5.    That any fees, costs or deposits required by the U.S. Marshal to perform said turnover are hereby allowed as costs of administration of the Estate, and do not have to be paid in advance to the U.S. Marshal by the Trustee, but instead, may be paid from proceeds from the sale of the Real Property and the Vehicle without further order of the Court; and

6.       For such other and further relief as the Court deems just and proper.


Respectfully submitted,

DATED: April 8, 2015                            **ROQUEMORE, PRINGLE & MOORE, INC.**


By:
                                                   John P. Pringle, Esq.
                                                   Toan B. Chung, Esq.
                                                   (Proposed) Attorneys for Wesley H. Avery,
                                                   Chapter 7 Trustee

## DECLARATION OF THE TRUSTEE

I, Wesley H. Avery, declare and states as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Cherlyn Joanne Patterson (the "Debtor") in Case No. 2:14-bk-20288-VZ (the "Bankruptcy Case"). I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2.      The Debtor filed her Voluntary Petition under Chapter 11 of Title 11 in this case on May 27, 2014 (the "Petition Date"). The case was converted to Chapter 7 on October 28, 2014 (the "Conversion Date").

3.      Amongst the property of the Estate subject to administration for the benefit of creditors are (1) a parcel of real property located at 6717 S. Halm Avenue, Los Angeles, CA 90045 (the "Real Property") and (2) a 2006 Mercedes-Benz E 350 (the "Vehicle"). True and correct copies of the Debtor's Schedule A and Schedule B reflecting same are respectively attached hereto and incorporated herein as **Exhibit "1"**and **Exhibit "2"**.

4.      The Debtor listed a value of $900,000.00 on the Real Property and claimed a $175,000.00 exemption under C.C.P. § 704.950. On the Vehicle, the Debtor listed a value of $10,000.00 and claimed a $2,725.00 exemption under C.C.P. § 704.010. A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "3"**. I have not concluded the 11 U.S.C. § 341(a) meeting of creditors and I preserve my rights to object to the Debtor's claimed exemptions.

5.      According to the Debtor's Schedule D, the secured loans on the Real Property totals $528,253.56.  No secured loan is listed on the Vehicle.  A true and correct copy of the Debtor's Schedule D reflecting same is attached hereto and incorporated herein as **Exhibit "4"**.

6.      Based on the above, I am informed and believe that there are substantial equity in both the Real Property and the Vehicle as follows:

Real Property

| | |
|---|---|
| FMV | $900,000.00 |
| Less Costs of Sale (8%) | $72,000.00 |
| Less Secured Loans (per Schedule D) | $528,253.56 |
| Less Exemption (per Schedule C) | $175,000.00 |
| **Net Equity to Estate** (est.) | **$124,746.44** |

Vehicle

| | |
|---|---|
| FMV | $10,000.00 |
| Less Costs of Sale (20%) | $2,000.00 |
| Less Exemption (per Schedule C) | $2,725.00 |
| **Net Equity to Estate** (est.) | **$5,275.00** |

7.      As such, I am expected to net an estimated $130,021.44 for the benefit of the Estate and its creditors.

8.      The Debtor did not appear at her initial 11 U.S.C. § 341(a) meeting of creditors nor did she appear at any of the continued 11 U.S.C. § 341(a) meetings of creditors.

9.      On April 2, 2015, my counsel made a demand for the turnover of the Real Property and the Vehicle.  A true and correct copy of the correspondence dated April 2, 2015 reflecting same is attached hereto and incorporated herein as **Exhibit "5"**.

1       10.     Neither the Debtor nor her counsel has provided any response as of the date of

2    this Motion.  I am compelled to seek turnover of the Real Property and the Vehicle.  Without

3    turnover, I cannot administer the Real Property and the Vehicle for the benefit of the Estate and

4    its creditors.

5        I declare under penalty of perjury that the foregoing is true and correct on this _____ day

6    of April, 2015 at Los Angeles, California.

7

8                                                        _____
                                                         Wesley H. Avery,
9                                                        Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF THE TRUSTEE'S COUNSEL

I, Toan B. Chung, declare:

1.      I am an attorney duly admitted to practice before all Courts in the State of California, and before the United States Bankruptcy Court for the Central District of California. I am the proposed counsel to Wesley H. Avery, the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Cherlyn Joanne Patterson (the "Debtor") in Case No. 2:14-bk-20288-VZ (the "Bankruptcy Case"). I am an individual above the age of 18 years and I have personal knowledge of all the facts set forth in this Declaration and I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2.      On April 2, 2015, I made a demand for the turnover of the Real Property and the Vehicle on behalf of the Estate. A true and correct copy of my correspondence dated April 2, 2015 reflecting same is attached hereto and incorporated herein as **Exhibit "5"**.

3.      Neither the Debtor nor her counsel has provided any response as of the date of this Motion.

I declare under penalty of perjury that the foregoing is true and correct on this _9th_ day of April, 2015 at Los Angeles, California.

Toan B. Chung, Esq.
Declarant

# Exhibit "1"

B6A (Official Form 6A) (12/07)

In re    **Cherlyn Joanne Patterson**                                    Case No.    **2:14-bk-20288**

                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Single Family Residence**<br>**6717 S. Halm Avenue**<br>**Los Angeles, CA 90045** | | - | 900,000.00 | 528,253.56 |
| **Multi-family Property (Rental Income property)**<br>**1244-44 1/2 & 1246 Browning Blvd.**<br>**Los Angeles, CA 90037** | | - | 325,000.00 | 498,617.28 |
| **Multi-Family Property**<br>**5514-5516 S. Budlong Avenue**<br>**1157 W. 56th Street**<br>**Los Angeles, CA 90037**<br>**Jointly owned with Mother**<br>**Debtor is Co-Debtor on Note only, Debtor is not on Deed of Trust** | | J | 300,000.00 | 318,931.53 |
| **Timeshare with Marriott Rewards**<br>**Point system** | | - | 9,000.00 | 0.00 |

|  |  |  |
|---|---|---|
| Sub-Total > | **1,534,000.00** | (Total of this page) |
| Total > | **1,534,000.00** | |

__0__    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Exhibit "2"

Case 2:14-bk-20288-VZ    Doc 17    Filed 06/10/14    Entered 06/10/14 20:35:48    Desc
Main Document    Page 10 of 40

B6B (Official Form 6B) (12/07)

In re    **Cherlyn Joanne Patterson**                              Case No.    **2:14-bk-20288**
                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash on Hand** | - | **100.00** |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **DIP Account US Bank** | - | **455.00** |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Living room furniture, dining room furniture, bedroom furniture, desk, book shelves, Couch, chair, daybed, and other household goods** | - | **7,500.00** |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, pictures, dolls.** | - | **2,500.00** |
| 6. | Wearing apparel. | | **Women's clothing: Shirts, pants, dresses, skirts, suits, shoes.** | - | **5,000.00** |
| 7. | Furs and jewelry. | | **Faux Mink fur, 1 ct. diamond earrings.** | - | **2,500.00** |
| | | | **Fashion jewelry: watches, necklaces, earrings.** | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | **Treadmill, pilates machine, pool cleaning equipment, bicycle.** | - | **1,000.00** |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Whole Term Life Insurance Policy on Debtor Son is Beneficiary Western Reserve Life Assurance Co. of Ohio Policy # ending in: 9563** | - | **4,754.20** |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >        **23,809.20**
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cherlyn Joanne Patterson**                                                   Case No.    **2:14-bk-20288**
_____,
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Pension through Los Angeles County $6362 monthly for life, no value beyond debtor's life** | - | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **50% ownership of 3 California LLC's not currently operating or making any money. All LLC"s owe back taxes and have no market value.** | - | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Claim against both northern and Eastern neighbors for damage caused from tree roots to pool, concrete fence, concrete pool house, etc. Claim filed with Home owners insurance. Debtor needs to pursue through legal recourse** | - | 30,000.00 |

                                                              Sub-Total >        30,000.00
                                                              (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Cherlyn Joanne Patterson**                                                    Case No.    __2:14-bk-20288__
_____                                          _____
                              Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **Potential Claim for Fraud in the Inducement, Fraudulent Mortgage practices, Wrongful foreclosure against Pilar Alonso, Westland Financial Group, and TD Foreclosure Services** | - | 75,000.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2006 Mecedes-Benz E 350** | - | 10,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Computer, laptop, printer, fax machine** | - | 500.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | |
|---|---|
| Sub-Total > | 85,500.00 |
| (Total of this page) | |
| Total > | 139,309.20 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Exhibit "3"

B6C (Official Form 6C) (4/13)

In re    **Cherlyn Joanne Patterson**                                      Case No.    **2:14-bk-20288**
_____                        _____
Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:      ■ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                      $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
□ 11 U.S.C. §522(b)(2)                                               *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Single Family Residence** | C.C.P. § 704.950 | **175,000.00** | **900,000.00** |
| **6717 S. Halm Avenue** | | | |
| **Los Angeles, CA 90045** | | | |
| **Household Goods and Furnishings** | | | |
| **Living room furniture, dining room furniture,** | C.C.P. § 704.020 | **7,500.00** | **7,500.00** |
| **bedroom furniture, desk, book shelves, Couch,** | | | |
| **chair, daybed, and other household goods** | | | |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Books, pictures, dolls.** | C.C.P. § 704.040 | **2,500.00** | **2,500.00** |
| **Wearing Apparel** | | | |
| **Women's clothing: Shirts, pants, dresses,** | C.C.P. § 704.020 | **5,000.00** | **5,000.00** |
| **skirts, suits, shoes.** | | | |
| **Furs and Jewelry** | | | |
| **Faux Mink fur, 1 ct. diamond earrings.** | C.C.P. § 704.040 | **2,500.00** | **2,500.00** |
| **Fashion jewelry: watches, necklaces, earrings.** | | | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Treadmill, pilates machine, pool cleaning** | C.C.P. § 704.020 | **1,000.00** | **1,000.00** |
| **equipment, bicycle.** | | | |
| **Interests in Insurance Policies** | | | |
| **Whole Term Life Insurance Policy on Debtor** | C.C.P. § 704.100 | **4,754.20** | **4,754.20** |
| **Son is Beneficiary** | | | |
| **Western Reserve Life Assurance Co. of Ohio** | | | |
| **Policy # ending in: 9563** | | | |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Pension through Los Angeles County** | C.C.P. § 704.110 | **0.00** | **0.00** |
| **$6362 monthly for life, no value beyond debtor's** | | | |
| **life** | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2006 Mecedes-Benz E 350** | C.C.P. § 704.010 | **2,725.00** | **10,000.00** |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Computer, laptop, printer, fax machine** | C.C.P. § 704.020 | **500.00** | **500.00** |

|  | Total: | **201,479.20** | **933,754.20** |
|---|---|---|---|

 __0__ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Exhibit "4"

B6D (Official Form 6D) (12/07) - Cont.

In re  **Cherlyn Joanne Patterson**                                    Case No.   **2:14-bk-20288**
_____,
                                      Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx3935 | | | Note secured by Deed of Trust | | | | | |
| **Wells Fargo Home Mortgage** P.O. Box 10335 Des Moines, IA 50306 | | | **Single Family Residence** 6717 S. Halm Avenue Los Angeles, CA 90045 | | | | | |
| | | | Value $               900,000.00 | | | | 455,935.78 | 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet  1   of  1   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 455,935.78 | 0.00 |
| Total (Report on Summary of Schedules) | 1,345,802.37 | 192,548.81 |

B6D (Official Form 6D) (12/07)

In re  **Cherlyn Joanne Patterson**                                    Case No.  __**2:14-bk-20288**__
                          Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| **Account No.** | | | | | 06/2011 | | | | | |
| **Pilar Alonso** **22463 Venido Rd.** **Woodland Hills, CA 91364** | - | | | | **Note Secured by Deed of Trust** **Single Family Residence** **6717 S. Halm Avenue** **Los Angeles, CA 90045** | X | X | X | | |
| | | | | | Value $                    **900,000.00** | | | | **72,317.78** | **0.00** |
| **Account No.** | | | | | | | | | | |
| **TD Foreclosure Services, Inc.** **5023 N. Parkway Calabasas** **Calabasas, CA 91302** | | | | | **Representing:** **Pilar Alonso** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| **Account No. xxxxxx5243** | | | | | **Note Secured by Deed of Trust** **Multi-Family Property** **5514-5516 S. Budlong Avenue** **1157 W. 56th Street** **Los Angeles, CA 90037** **Jointly owned with Mother** **Debtor is Co-Debtor on Note only,** **Debtor is not on Deed of Trust** | | | | | |
| **Midland Mortgage** **P.O Box 26648** **Oklahoma City, OK 73126** | X | - | | | | | | | | |
| | | | | | Value $                    **300,000.00** | | | | **318,931.53** | **18,931.53** |
| **Account No. xxxxxx3267** | | | | | **Note secured by Deed of Trust** **Multi-family Property (Rental Income property)** **1244-44 1/2 & 1246 Browning Blvd.** **Los Angeles, CA 90037** | | | | | |
| **Nationstar Mortgage** **350 Highland Drive** **Lewisville, TX 75067** | | - | | | | | | | | |
| | | | | | Value $                    **325,000.00** | | | | **498,617.28** | **173,617.28** |

__1__  continuation sheets attached

Subtotal
(Total of this page)                    **889,866.59**          **192,548.81**

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Exhibit "5"

**Toan B. Chung**

| | |
|---|---|
| **From:** | Toan B. Chung |
| **Sent:** | Thursday, April 02, 2015 1:01 PM |
| **To:** | 'ghigginse@aol.com' |
| **Cc:** | Wesley H. Avery; John Pringle; ''J Moat' (jmoattrustee@gmail.com)'; 'Vanessa Guillen (vguillentrustee@gmail.com) (vguillentrustee@gmail.com)'; Jennifer Phan; 'janneiman@sbcglobal.net' |
| **Subject:** | RE: Case: 14-20288 (PATTERSON, CHERLYN JOANNE) |

Gail,

Per our discussion on March 14, 2015, you represented to me that the Debtor would obtain funding to buy out the Estate by Monday, March 30, 2015.

It is now Thursday, April 02, 2015.  As the Debtor has not responded and has missed both the original and continued 341(a) meetings of creditors in this case, we are compelled to demand the immediate turnover of the residence listed in Schedule A and the Mercedes listed on Schedule B.  We will also need the current mortgage statement and proof of insurance along with pink slip or verification of lien on the Mercedes.

Again, kindly treat this correspondence as an official demand from the Trustee pursuant to 11 U.S.C. §§ 542 and 521.  Thank you for your time and attention on this matter.  Please let me know if you have any questions/comments on the above.

Thanks and all the best,

Toan B. Chung, Esq.
Roquemore, Pringle & Moore, Inc.
6055 E. Washington Blvd., Ste. 500
Los Angeles, CA 90040
Tel No.: (323) 724-3117
Fax No.: (323) 724-5410
tbchung@rpmlaw.com

CONFIDENTIALITY NOTICE:  The information contained in this e-mail transmission is intended only for use of the individual or entity named above.  This e-mail transmission , and any documents, files, previous e-mail transmissions or other information attached to it, may contain confidential information that is legally privileged.  If you are not the intended recipient of this e-mail transmission, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, dissemination, copying, or other use of this transmission or any of the information contained in or attached to it is strictly prohibited.  If you have received this e-mail transmission in error, please immediately notify us by return e-mail transmission or by telephone at (323) 724-3117, and destroy the original e-mail transmission and its attachments without reading it or saving it in any manner.

**From:** Toan B. Chung
**Sent:** Tuesday, March 24, 2015 5:12 PM
**To:** 'ghigginse@aol.com'
**Cc:** Wesley H. Avery; John Pringle; 'J Moat' (jmoattrustee@gmail.com); Vanessa Guillen (vguillentrustee@gmail.com) (vguillentrustee@gmail.com); Jennifer Phan; janneiman@sbcglobal.net
**Subject:** RE: Case: 14-20288 (PATTERSON, CHERLYN JOANNE)

Gail, let's chat 323-724-3117 x355

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6055 E. Washington Blvd., Suite 500
Los Angeles, CA 90040

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Notice of Motion and Motion for Order Compelling Turnover of Estate Property and Documents** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/9/2015 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Wesley H Avery (TR)    wamiracle6@yahoo.com,
jmoattrustee@gmail.com;vguillentrustee@gmail.com;C117@ecfcbis.com;afitzpatricktrustee@gmail.com
Toan B Chung    tbchung@rpmlaw.com, toan.b.chung@gmail.com;jphan@rpmlaw.com
Todd S Garan    ch11ecf@piteduncan.com, TSG@ecf.inforuptcy.com
Gail Higgins    ghigginse@aol.com
Bonni S Mantovani    cmartin@pralc.com
Kelly L Morrison    kelly.l.morrison@usdoj.gov
Marisol A Nagata    cdcaecf@bdfgroup.com
Anthony N Ranieri    a1andb2@aol.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Darlene C Vigil    cdcaecf@bdfgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 4/9/2015 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor, Cherlyn Patterson, 6717 S. Halm Ave, Los Angeles, CA 90056

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 4/9/2015 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent Zurzolo, US Bankruptcy Court, 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/9/2015 | Jennifer Phan | /s/Jennifer Phan |
|----------|---------------|------------------|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**